UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RICHLAND HOLDINGS, INC.,
d/b/a Acctcorp of Southern Nevada,
a Nevada Corporation,

Plaintiff,

v.

MARLO A DALBY,

Defendant.

Case No. 2:19-cv-00634-KJD-VCF

ORDER

Presently before the Court is Plaintiff's Motion to Remand (#6). Defendant filed a response in opposition (#8) to which Plaintiff replied (#9).

**I. BACKGROUND**

Richland Holdings ("Richland") alleges that the defendant, Marlo Dalby ("Dalby"), entered into a contract with Bernard Ong MD on August 2, 2013, for medical services. Notice of Removal 9, ECF No. 1. Nearly five years later, Bernard Ong MD sold the account and debt to Richland. Id. On January 4, 2019, Richland filed suit against Dalby in Las Vegas Justice Court ("LVJC") for breach of contract and monies due and owing. Id. at 8. Dalby then moved the LVJC to dismiss the claim because of lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim upon which relief may be granted, standing, and fraud. Id. at 13-15. The LVJC denied the motion to dismiss. Id. at 20-21. On April 12, 2019, Dalby filed Notice of Removal. Richland then filed the present Motion to Remand.

**II. LEGAL STANDARD**

The court is obligated to hold a pro se litigant to a different standard than a party who is represented by counsel. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The pleadings of a pro se litigant are "to be liberally construed" and "however inartfully pled, must be held to less

stringent standards than formal pleadings drafted by lawyers." Id. (quoting Estelle v. Gamble, 429 U.S. 97 (1976)). However, the pro se litigant "should not be treated more favorably" than the party who is represented by counsel. Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986).

A motion to remand is timely if made within 30 days of the notice of removal. 28 U.S.C. § 1447(c) (2011). In considering the motion to remand, the district court must remand the case if it lacks subject matter jurisdiction. Id. Furthermore, there is a strong presumption against removal which means that the defendant has the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**III. ANALYSIS**

**A. Federal Question**

Dalby must show that this Court has subject matter jurisdiction over the case by demonstrating that it has original jurisdiction over the claims that are in the complaint. See 28 U.S.C. §1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987) ("[authorizing] removal only where original federal jurisdiction exists"). In effect, a party seeking removal must show that plaintiff has either alleged: 1) a federal claim; 2) a state claim that requires resolution of a substantial issue of federal law; or 3) a state claim completely pre-empted by federal statute. See Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916); Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987).

Additionally, the defendant may not remove an action by raising a federal question as a defense. Caterpillar, Inc., 482 U.S. at 393. The absence or presence of federal-question jurisdiction is governed by the "well-pleaded complaint rule" which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, 482 U.S. at 392. The plaintiff is the "master of the claim" and may avoid federal jurisdiction by exclusive reliance on state law. Id.

Here, the complaint alleges two state law causes of action: 1) breach of contract and 2) monies due and owing. In the notice of removal, Dalby alleges that Richland is violating the Fair Debt Collection Practices Act ("FDCPA"). However, Dalby cannot remove the case to this Court

by raising a federal question as a defense to a complaint. Therefore, the Court finds that it lacks subject matter jurisdiction over the claims in Richland's complaint and the action must be remanded.

   B. Timeliness

Alternatively, even if this Court did not lack subject matter jurisdiction, removal of this case was untimely. The party must file a notice of removal within thirty days once a court document affirmatively reveals ground for removal. Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 697 (9th Cir. 2005). When the initial pleading is unclear about whether federal jurisdiction exists, it is not the defendant's duty to look outside that pleading, nor rely on any additional subjective knowledge he or she may have. Id. This rule protects defendants from the burden of investigating jurisdictional facts and prevents collateral litigation. Id. at 697; see also Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1139 (9th Cir. 2013).

Here, Dalby is stating that the thirty-day period started when the LVJC denied her motion to dismiss. That is simply not the case. None of the initial pleadings, amended pleadings, motions, orders, or other papers affirmatively reveals grounds for removal. Dalby received the complaint and summons on February 1, 2019 and filed the notice of removal on April 12, 2019, well past the beginning of the thirty-day window. Therefore, even if this Court had subject matter jurisdiction, the case would be remanded for untimeliness.

**IV. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#6) is **GRANTED.**

Dated this the 10th day of June 2019.

_____
Kent J. Dawson
United States District Judge